BAILES, Judge.
Plaintiffs, R. H. DeKay, Jr., and James L. Head, bring this action to recover $7,500.00 as commission alleged to be due them by defendant, Jack E. Koch, for con-fecting a farmout agreement for the drilling of certain leases in Plaquemine Parish, Louisiana, owned by Perry R. Bass, Richardson Oils, Inc., and Humble Oil and Refining Company.
The district court awarded judgment in favor of plaintiffs for the amount prayed for, and defendant has appealed. The defendant has failed to show us that the judgment of the trial court is so unsupported by the facts as to warrant a reversal. As only a question of fact is involved and in the absence of defendant sustaining the burden of showing wherein the trial court committed manifest error, we affirm.
Admittedly, defendant and plaintiffs entered into an agreement for the payment of $7,500.00, as commission by defendant to plaintiff upon the plaintiffs securing for defendant a farmout of the leases on the Plaquemine Parish property. This letter agreement, executed by both plaintiffs and the defendant was dated June 24, 1966, and contained the following pertinent provision :
“In consideration of our obtaining a farmout on the acreage described in the attached Farmout Agreement on substantially the same terms and conditions as set forth therein, with exception of the location of the test well, either in the name of Jack E. Koch or our names (in which event we will assign said farmout agreement to Jack E. Koch) you agree *513 to pay us the sum of $7,500.00, payable upon date of acceptance of farmout agreement by you * *
The acreage involved in the prospective farmout was not immediately available to plaintiffs, however, according to the testimony of plaintiff, Mr. Head, he did through verbal contacts with a Mr. Beryl Cox, manager of Richardson Oils, Inc., which was the operator of the lease involved in the farmout, secure the farmout agreement. Through the negotiations between Mr. Head and Mr. Cox, on January 19, 1967, a farmout of the leases was executed by the parties who owned the lease, namely: Perry R. Bass, Richardson Oils, Inc., and Humble Oil & Refining Company. On February 8, 1967, defendant accepted and agreed to the terms of the farmout. Mr. Head testified he requested the agreement be granted to defendant directly, to facilitate the handling of the transaction.
The defendant’s effort to refute the testimony of Mr. Head and the receipt of the farmout agreement through the effort of plaintiffs consisted of testimony of two witnesses from the land department of Humble Oil & Refining Company who testified that to their knowledge neither of the plaintiffs were involved in securing the farmout agreement from Humble to defendant. It is understandable why these two witnesses were not aware of any efforts on the part of the plaintiffs in securing the farmout. The plaintiffs secured the farmout from the operator, Richardson Oils, Inc., and had no contact with Humble, or any of its representatives. The defendant himself testified that he was contacted by a Mr. Richard Ulmark, an employee of Humble in September, 1966, at which time Mr. Ulmark inquired of defendant if he was still interested in the farmout of the subject property, and it was suggested that defendant write a Mr. Jack Gibson, which he did. Only the defendant testified as to what action he took to secure the agreement.
There are two facts which heavily militate against the defendant in this case. One is the absence of any explanation by the defendant of how he came to receive the farmout agreement from the three leaseholders under date of January 19, 1967, and the other is a letter which defendant apparently wrote (although defendant would neither admit nor deny that he wrote the letter) to a Mr. Spencer Rowan on April 4, 1967, in which he was offering to sell Mr. Rowan a one-half working interest in the drilling venture. In this letter, defendant stated in part, the following : “To the total of $76,500.00 add $7,500.00 for geological and commission expense and $7,500.00 for dredge and location expense. * * It is the defendant’s contention he received the farmout through his own efforts without incurring any commission expense. Ample opportunity was afforded defendant to explain the contents of this letter, however, no explanation was forthcoming. This letter was written during the primary term of the farmout agreement.
The trial court assigned the following reasons for judgment in favor of plaintiffs :
“After carefully reviewing the testimony of the witnesses, other evidence, as well as the facts and circumstances surrounding this transaction, the Court concludes that the plaintiffs have proven by a preponderance of the evidence that they obtained the farmout agreement in accordance with the written agreement' dated June 24, 1966 and are therefore entitled to the commission of $7,500.00.”
In this finding, we concur, and accordingly, the judgment appealed from is affirmed, at appellant’s cost.
Affirmed.